NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMRIK SINGH,<br><br>        Petitioner,<br><br>        v.<br><br>ALBERTO R. GONZALES, [**]<br>Attorney General,<br><br>        Respondent. | No. 05-75049<br><br>Agency No. A72-012-899<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2009 [*][***]
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, [****] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     Eric H. Holder, Jr. is the current Attorney General of the United
States. Fed. R. App. P. 43(c)(2).

[***]     The panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

[****]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Amrik Singh petitions for review of an order of the Board of Immigration Appeals ("BIA") reversing the Immigration Judge's ("IJ") grant of deferral of removal under the Convention Against Torture ("CAT") and ordering Singh removed to India. Singh contends that the BIA erred in sustaining the government's appeal and reversing the IJ's grant of deferral of removal under the CAT, because Singh met his burden of proving that it was more likely than not that he would be tortured if returned to India.

This court has jurisdiction to review the BIA's denial of Singh's request for deferral of removal under the CAT. See Bromfield v. Mukasey, 543 F.3d 1071, 1074–76 (9th Cir. 2008); Morales v. Gonzales, 478 F.3d 972, 980–81 (9th Cir. 2007).

We review questions of law de novo, including the question of whether the BIA applied the correct legal standard to the IJ's factual findings. See Morales, 478 F.3d at 983; Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007).

Here the BIA used the correct standard of review in reversing the IJ's decision to grant deferral of removal under the CAT. Specifically, the BIA accepted the IJ's findings of fact and conducted a de novo review of the IJ's legal decision based on those findings. De novo review is appropriate when, as here, the question presented is a mixed question of law and fact. See Ramadan v. Gonzales,

2

479 F.3d 646, 654 (9th Cir. 2007); 8 C.F.R. § 1003.1(d)(3)(ii). Based on a de novo review of the record, the BIA reversed the IJ's order granting Singh a deferral of removal under the CAT. The BIA acted within its authority when it denied Singh relief under the CAT.

We review for substantial evidence the factual findings underlying the BIA's determination that Singh was not eligible for relief under the CAT. See Arteaga, 511 F.3d at 944. Here, the BIA acknowledged Singh's testimony about past persecution. However, such evidence is only one factor in assessing whether Singh will likely be tortured in India in the future. See 8 C.F.R. § 208.16(c)(3). The BIA also recognized that the country conditions (and the human rights situation) in the Punjab have substantially improved since the mid-1990s and that Sikhs are now a well-respected and powerful minority group in India. Law and order in the Punjab are essentially normal, as military-related abuses have significantly decreased; police are now being held accountable for these abuses; and individuals previously involved in militancy are returning to India or emerging from the underground. See Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir. 2001) ("[C]ountry conditions alone can play a decisive role in granting relief under the [CAT].").

Furthermore, the BIA also pointed out that Singh's brother works for the government in India and his sisters are teachers there, all apparently without

3

harassment; that Singh is only minimally active with Sikh groups; and that Singh has never been baptized as a Sikh, has cut his hair, and does not wear a turban.

After weighing the evidence, the BIA properly determined, based on a thorough review of Singh's testimony and evidentiary submissions, that Singh failed to meet his burden of proving that he would more likely than not be subjected to torture if he were removed to India. Consequently, we conclude that the BIA's order reversing the IJ's decision to grant deferral of removal under the CAT is supported by substantial evidence.

Petition DENIED.