**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DILBAGH SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74170

Agency No. A072-523-404

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Dilbagh Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's second motion to reopen as time-barred and number-barred where the successive motion was filed over five years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for an exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3) (ii); *see also Toufighi*, 538 F.3d at 996-97.

We reject Singh's contention that the BIA did not adequately examine his evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We also reject Singh's contention that the BIA applied the wrong legal standard.

To the extent Singh challenges the agency's underlying adverse credibility determination, we decline to consider the contentions because the court previously rejected them in *Singh v. Gonzales*, 135 Fed. Appx. 907 (9th Cir. 2005)*. See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**